**UNITED STATES DISTRICT COURT**
**SOUTHEN DISTRICT OF FLORIDA**
CASE NO.:

VALENTINA L. SPALDING,

      Plaintiff,

v.

THE JEROME GOLDEN CENTER FOR BEHAVIORAL
HEALTH, INC., a Florida Not For Profit Corporation

      Defendant.

_____/

**COMPLAINT**

Plaintiff, VALENTINA L. SPALDING ("SPALDING" or Plaintiff), by and through her undersigned attorney, hereby files this Complaint against Defendant, THE JEROME GOLDEN CENTER FOR BEHAVIORAL HEALTH, INC. (hereinafter, "JEROME GOLDEN" or "Defendant"). In support of her complaint, Plaintiff states the following:

**JURISDICTION AND VENUE**

1.    This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statutes.

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.    The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

1

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all the actions which give rise to the forgoing causes of action occurred in Palm Beach County, Florida.

**PARTIES**

5.      Plaintiff SPALDING, at all times relevant, resided within the Southern District of Florida. Plaintiff is over the age of eighteen years and otherwise *sui juris.*

6.      Plaintiff is a female who complained about sexual harassment and was subjected to retaliation. She is therefore a member of a class protected under Title VII of the Civil Rights Act of 1964 and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex, female, and in retaliation for complaints she made.

7.      Defendant JEROME GOLDEN is a Florida Not For Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Palm Beach County, Florida. Defendant JEROME GOLDEN has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.      Defendant is a business focusing on providing behavioral health care services. Plaintiff was employed at Defendant's business located in Palm Beach County, Florida.

9.      JEROME GOLDEN has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10.     Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission

("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

11.     SPALDING filed her charge on or about March 5, 2018, which was no more than 300 days after the last discriminatory event occurred, to wit: January 6, 2018.

12.     SPALDING was issued a Notice of Right to Sue on February 28, 2019. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13.     The EEOC did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge, and therefore terminated its processing of said charge.

## GENERAL ALLEGATIONS

14.     SPALDING was hired as a Behavioral Health Tech ("BHT") at JEROME GOLDEN on or about August 11, 2017.

15.     On or about August 15, 2017, the first day of Plaintiff's employment with Defendant, Plaintiff was introduced to several staff members, including Rajiv Attri ("Rajiv"), who was the Director of Nurses, the supervisor of Plaintiff's direct supervisor, Sloan Carusso ("Sloan").

16.     Rajiv sexually harassed Plaintiff during the entirety of Plaintiff's employment with Defendant.

17.     Rajiv frequently inflicted on Plaintiff unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature, including but not limited to the following:

- Rajiv commented on Plaintiff's clothes, stating that they made Plaintiff's body look appealing and distracting to him and other male staff and patients;

- Rajiv often required Plaintiff to accompany him to lunch;

- Rajiv offered to make Plaintiff Nurse Supervisor and to pay Plaintiff $26.00 an hour, in exchange for Plaintiff to go on a date with him;

- Rajiv came to Plaintiff's work unit only to tell her a lewd joke, regarding "eating pussy."

18.     Every time Rajiv made any aforementioned sexual advances, Plaintiff advised Rajiv that his behaviors were not welcome and that he should stop. Plaintiff also verbally reported to Sloan each time.

19.     Nonetheless, Sloan never took any action for fear of losing her own job.

20.     Rajiv's harassment became worse after Plaintiff rejected his advances. Rajiv threatened that Plaintiff would regret it if she refused his advances.

21.     Rajiv later rejected Plaintiff's legitimate request to switch a shift with another BHT. On multiple occasions, Rajiv deleted Plaintiff's time when she worked extra shifts.

22.     On or about December 23, 2017, Rajiv forbade Plaintiff to take breaks during her shift because he was coming in to speak with her. When Rajiv showed up at work, he cornered Plaintiff into a conference room with no one else present. Regardless of Plaintiff's resistance, Rajiv offered food and money advances to Plaintiff and offered to give it to her as soon as the next day, while rubbing his foot on Plaintiff's legs.

23.     Plaintiff reported to Sloan about the December 23, 2017 incident on or about January 2, 2018. Sloan advised Plaintiff to contact Human Resources because Sloan could not risk losing her job by reporting Rajiv.

24.     On or about January 3, 2018, Plaintiff called Human Resources to advise that she would come in the next day to report sexual harassment from Rajiv.

4

25.     On or about January 4, 2018, Plaintiff went to Human Resources to file an official grievance against Rajiv, but did not complete the grievance in its entirety until the following day.

26.     On January 6, 2018, Rajiv called Plaintiff, advising that he learned of Plaintiff's complaint to Human Resources about sexual harassment, and therefore Plaintiff was terminated.

27.     Plaintiff was never provided any reason for her termination, and any reason claimed by Defendant is pretextual.

28.     Even if Defendant had a legitimate, non-discriminatory reason, SPALDING's sex was, at minimum, a motivating factor in Defendant's decision for her termination[1].

29.     Prior to her termination, SPALDING was unaware of any performance deficiencies and she had not been previously disciplined.

30.     Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

31.     Plaintiff is entitled to her reasonable attorneys' fees and costs if they are prevailing parties in this action.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (DISCRIMINATION BASED ON SEX)

32.     Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

33.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000e for damages caused by Defendant's sexual harassment against Plaintiff.

34.     Plaintiff is a member of a protected class, to wit, female.

35.     Rajiv frequently inflicted on Plaintiff unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

36.     Rajiv's harassment was so frequent and severe that it created a hostile and/or offensive work environment. Rajiv's harassment aggravated after Plaintiff refused his repeated demand for sexual favors in exchange of a raise and/or monetary compensation, which eventually lead to Plaintiff's termination.

37.     Plaintiff was never provided any reason for her termination, and any reason claimed by Defendant is pretextual.

38.     Even if Defendant had a legitimate, non-discriminatory reason, SPALDING's sex was, at minimum, a motivating factor in Defendant's decision for her termination.

39.     Defendant's director of nurses, Rajiv, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Rajiv, and/or other employees.

40.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

41.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964.  Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its director of nurses. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (HOSTILE WORK ENVIRONMENT)

42.     Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

43.     Plaintiff brings this action under the Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000e for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the sexual harassment Rajiv inflicted on Plaintiff.

44.      Plaintiff is a member of a protected class, to wit, female.

45.     Rajiv frequently inflicted on Plaintiff unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature.

46.     Rajiv was Plaintiff's supervisor during the entirety of her employment with Defendant, and Rajiv's sexual harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Rajiv's conduct was severe and pervasive from both a subjective and objective perspective.

47.     Despite Plaintiff's complaint to Defendant for multiple times, Rajiv has not, upon information and belief, been disciplined for his conduct.

48.     Defendant's director of nurses, Rajiv, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Rajiv, and/or other employees.

49.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

50.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964.  Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its director or nurses. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a)  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's

discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

51.     Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

52.     Plaintiff brings this action for retaliation in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000e.

53.     On or about January 4, 2018, SPALDING went to Human Resources to file an official grievance against Rajiv for sexual harassment. SPALDING talked with Tricia McKoy ("Tricia") about the sexual harassment she had been suffering, and completed the grievance the following day.

54.     At the time Plaintiff made her complaint, she had an objectively reasonable belief that the harassment she experienced was due to her sex, as female.

55.     As a result of her complaint with the Human Resources, Rajiv terminated SPALDING on January 6, 2018 over the phone.

56.     Plaintiff was never provided any reason for her termination, and any reason claimed by Defendant is pretextual.

57.     Plaintiff's termination constitutes an adverse employment action under Title VII of the Civil Rights Act of 1964.

58.     Defendant's actions were done with malice, and with disregard for Plaintiff's protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Rajiv and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV: VIOLATION OF FCRA
## (DISCRIMINATION BASED ON SEX)

59.     Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

60.     Plaintiff brings this action under the Florida Civil Rights Act, Fla. Stats. § 760.01 *et seq*., for damages caused by damages caused by Defendant's sexual harassment against Plaintiff.

61.     Plaintiff is a member of a protected class, to wit, female.

62.     Rajiv frequently inflicted on Plaintiff unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature.

63.     Rajiv's harassment was so frequent and severe that it created a hostile and/or offensive work environment. Rajiv's harassment aggravated after Plaintiff repeatedly refused his demand for sexual favors in exchange of a raise and/or monetary compensation, which eventually lead to Plaintiff's termination.

64.     Plaintiff was never provided any reason for her termination, and any reason claimed by Defendant is pretextual.

65.     Even if Defendant had a legitimate, non-discriminatory reason, SPALDING's sex was, at minimum, a motivating factor in its decision for her termination.

66.     Defendant's director of nurses, Rajiv, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Rajiv, and/or other employees.

67.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

68.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a)  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b)  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c)  The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d)  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V: VIOLATION OF FCRA
## (HOSTILE WORK ENVIRONMENT)

69.     Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

70.     Plaintiff brings this action under the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*, for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the sexual harassment Rajiv inflicted on Plaintiff.

71.      Plaintiff is a member of a protected class, to wit, female.

72.     Rajiv frequently inflicted on Plaintiff unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature.

73.     Rajiv was Plaintiff's supervisor during the entirety of her employment with Defendant, and Rajiv's sexual harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Rajiv's conduct was severe and pervasive from both a subjective and objective perspective.

74.     Despite Plaintiff's complaint to Defendant for multiple times, Rajiv has not, upon information and belief, been disciplined for his conduct.

75.     Defendant's director of nurses, Rajiv, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Rajiv, and/or other employees.

76.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

77.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA.  Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its director or nurses. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

      e)  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional

reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

f)   The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

g)   The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

h)   The Court award Plaintiff such other and further relief as the Court deems appropriate.

## <u>COUNT VI: VIOLATION OF FCRA<br>(RETALIATION)</u>

78.   Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

79.   Plaintiff brings this claim for retaliation in violation of the Florida Civil Rights Act, § 760.01, *et seq.*, Florida Statutes.

80.   On or about January 4, 2018, SPALDING went to Human Resources to file an official grievance against Rajiv for sexual harassment. SPALDING talked with Tricia about the sexual harassment she had been suffering, and completed the grievance the following day.

81.   At the time Plaintiff made her complaint, she had an objectively reasonable belief that the harassment she experienced was due to her sex, as female.

82.   As a result of her complaint with the Human Resources, Rajiv terminated SPALDING on January 6, 2018 over the phone.

14

83.     As a result of her complaint with the Human Resources, Rajiv terminated SPALDING on January 6, 2018 over the phone.

84.     Plaintiff was never provided any reason for her termination, and any reason claimed by Defendant is pretextual.

85.     Plaintiff's termination constitutes an adverse employment action under FCRA.

86.     Defendant's actions were done with malice, and with disregard for Plaintiff's protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Rajiv and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a)  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b)  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c)  The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d)  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff VALENTINA L. SPALDING hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: May 16, 2019

LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:     <u>/s/ Charles M. Eiss</u>
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
TIEXIN YANG, Esq.
Fla. Bar #1010651
tiexin@icelawfirm.com